# Mann & Mitchell

401-351-5770
Fax 401-521-4305

## Attorneys at Law

Robert B. Mann*
Suzanna J. Mitchell
Dana Harrell*▲
Camille A. McKenna*


June 22, 2007

RECEIVED

JUN 22 2007

Property of U.S. District Court
District of Rhode Island

The Honorable William E. Smith
US District Court, District of RI
One Exchange Terrace
Providence, RI 02903

Re: U.S. v. Ronald Hill, CR 06-134S

Dear Judge Smith:

This letter is written in response to the letter of Ms. Beckner dated June 14, 2007.

I start by acknowledging that the Supreme Court published the decision in Rita v. United States on June 21, 2007. The publication of the decision obviously changes the letter I had prepared to write, but I do not believe it alters the position of the defendant that this case ought not to be set for sentencing.

As I understand the decision in Rita, the Court held that a Court of Appeals could apply a presumption of reasonableness to a District Court sentence that was within the guidelines. Opinion of the Court at 7. The Court held that the presumption was not binding. The Court noted that the presumption was an "*appellate* court presumption." Opinion at 11. With respect to the sentencing Court, the Opinion states:

> In determining the merits of these arguments, the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply. *Booker*, 543 U.S., at 259-260.

Opinion at 12.

The Court in Rita further opined that the decision did not mean that Court could adopt a presumption of unreasonableness for variances from the Guidelines. Opinion at 15.

One Turks Head Building
Suite 610
Providence, Rhode Island 02903

URL: www.lawyers.com/mannlaw

*also admitted in MA
▲also admitted in CT

When the defense initially sought the delay in sentencing, the request was based on two pending cases in the United States Supreme Court, Claiborne v. United States and Rita v. United States. In Claibone, the death of the petitioner resulted in the Court not deciding the issues presented in that case.

Subsequent to the death of the petitioner in Claiborne, the Supreme Court granted certiorari in United States v. Gall, 2007 U.S. LEXIS 7525 (June 11, 2007). In the decision in United States v. Rita, Justice Breyer referred to the Gall case and said:

> However, a number of circuits adhere to the proposition that the strength of the justification needed to sustain an outside-Guidelines sentence varies in proportion to the degree of the variance. ... We will consider that approach next Term in *United States* v. *Gall*, No. 06-7949.

United States v. Rita at 15-16.

In United States v. Claiborne, certiorari was granted on the following, very similar questions:

> "1) Was the district court's choice of below-Guidelines sentence reasonable? 2) In making that determination, is it consistent with United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to require that a sentence which constitutes a substantial variance from the Guidelines be justified by extraordinary circumstances?"

Claiborne v. United States, 127 S. Ct. 551 (U.S. 2006). In a very real sense, United States v. Gall seems as though it will fill the vacuum created by the result in the Claiborne case.

Very recently, the Supreme Court has also agreed to hear another case of considerable potential import to the defendant Ron Hill. In Kimbrough v. United States, 2007 U.S. LEXIS 7524 (June 11, 2007) the Supreme Court granted certiorari. Though the order granting the petition does not appear to spell out the question(s) on which certiorari was granted, the Fourth Circuit held that:

> ...a sentence that is outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses. Because the district court concluded that the crack to powder cocaine disparity warranted a sentence below the applicable sentencing guideline range, we are constrained to vacate Kimbrough's sentence and to remand the case for resentencing.

United States v. Kimbrough, 174 Fed. Appx. 798, 799 (4th Cir. 2006). Put very simply, the case appears as though it will address the question of whether or not a sentence that is lower than the guideline range, based simply on the crack/powder disparity is per se unreasonable.

There are two additional factors that warrant a delay in the sentencing in this case. The defense briefly lists them below:

1) The United States Sentencing Commission has proposed new guidelines for crack. The effect would appear to be to reduce the base offense level in this case from 26 to 24, based on the presentence report. The Government will likely respond that the application of the Career Offender Provisions to this case will ultimately dictate the final guideline calculation in this case. Even assuming the applicability of the Career Offender Provisions, the base offense level is an important component of the presentence report.

2) There is pending legislation that proposes to increase the quantity of crack cocaine necessary to trigger mandatory minimum sentences. See e.g., S. 1383, sponsored by Senator Sessions.

The defense believes that the factors militating in favor of a continuance would appear as or more compelling now than when the original request was made. There are pending cases in the United States Supreme Court, there are proposed new guidelines, and there is proposed legislation, all of which are of great significance to Mr. Hill. There is no prejudice to the government. The defendant continues to be held.

Finally, the defense would note that the decision in Rita is obviously new and appreciating the import of the decision is going to take more than one day.

Very truly yours,

Robert B. Mann

Robert B. Mann

CC: Sandra Beckner, AUSA