UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-134S |
| | ) | |
| RONALD HILL | ) | |

DEFENDANT'S RESPONSE TO PRESENTENCE REPORT

The defendant responds to the presentence report as follows.

There are no objections to the report, but the defense does make the following comments.

First, the report identifies the defendant as having a total of 26 criminal history points. (Paragraph 62 of the Presentence Report) The defense is concerned about the number of criminal history points attributed to him. He does not disagree with the calculation, but is concerned about the appearance of this total of points as the Court determines the defendant's sentence. The defense is not seeking to break the plea agreement, which forbids a request for a downward departure or a sentence variation below the guideline range. Also, as part of the plea agreement, the Government is obligated to recommend a term of imprisonment at the lowest point of the guideline range. Still, in this case, the Guideline range is significant, going from 188 to 235 months. (Paragraph 89 of the Presentence Report) Because the Court retains discretion as to where within this range, a sentence will be imposed, the defense attaches to this response two exhibits. The first is titled "Ron Hill Record." It places in an Excel spread sheet much of the information set forth in the Presentence Report in Paragraphs 26

through 61, which are the paragraphs identifying Mr. Hill's adult criminal convictions. It is color coded as follows:

Red - Items in red are driving related offenses.

Green - Items in green are misdemeanors, which are not driving related.

Purple - This color is used to note two paragraphs of the Presentence Report (numbers 49 and 52) which are felonies based on marijuana charges.

It also notes in the column for points, convictions which may not earn points, if the proposed guideline amendments are accepted, because they involve sentences which are not over one year. The defense acknowledges that the effect, if any, of these changes on the defendant's criminal history points total would be tempered because some of the convictions set forth in paragraphs 26 through 61 were not counted pursuant to the four point limitation of U.S.S.G. 4A1.1(c). The defense also acknowledges that any change in the total number of criminal history points does not alter the guideline range in this case. Similarly, if the proposed guideline amendments are accepted, the base offense level set forth in paragraph 15 would decrease, but this would not affect the guideline range in this case.

There is a second exhibit, titled "Ron Hill Record-Felonies." This exhibit simply extracts from the first exhibit those cases which resulted in felony convictions. It is two pages in length. The defense believes that these exhibits place Mr. Hill's record in the proper perspective and support the request that the sentence be at the low end of the guidelines.

The defense is filing with this response a Motion to Seal the attachments. The attachments contain a great deal of the information set forth in paragraphs 26 through 61

of the Presentence Report and the defense submits that the confidential nature of the Presentence Report would be substantially compromised by the publication of these attachments.

RONALD HILL
By his Attorney,

/s/Robert B. Mann____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 6th day of August, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net