UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 06-134S |
| | ) | |
| RONALD HILL | ) | |

DEFENDANT'S SENTENCING MEMORANDUM

In this case the guideline range is 188 to 235 months. Pursuant to the plea agreement, the defense may not request a downward departure or a sentence variation below the guideline range. The Government is obligated to recommend the lowest point of the guideline range, assuming the defendant's compliance with the provisions of the plea agreement.

The defense submits this memorandum in support of the Government's recommendation that the sentence to be imposed be at the lowest point within the guideline range. The defense incorporates by reference the defense response to the presentence investigation. In a case where the sentencing range exceeds 24 months, this Court must set forth the reason for imposing a particular sentence within the range. 18 U.S.C. §3553(c)(1). The Court of Appeals has said:

> This court has not yet considered what constitutes an adequate explanation for purposes of section 3553(c)(1). The precedents elsewhere focus on whether the court's comments specifically identify some discrete aspect of the defendant's behavior and link that aspect to the goals of sentencing. See, e.g., United States v. Rosa, 11 F.3d 315, 344-345 (2d Cir. 1993); United States v. Wilson, 7 F.3d 828, 839 (9th [*59] Cir. 1993). We think that is a sensible approach.

United States v. Vazquez-Molina, 389 F.3d 54, 59 (1st Cir. 2004), vacated on other grounds, 544 U.S. 946 (2005). The Court of Appeals has very recently reaffirmed the

vitality of this pronouncement. United States v. Mangual-Garcia 2007 U.S. App. LEXIS 22220 (lst Cir. 2007); (lst Cir., Slip Opinion September 18, 2007).

In this memorandum, the defense will seek to articulate reasons why the sentence should be at the low end of the guidelines. First, the defendant has clearly and unequivocally accepted responsibility for his actions. His statement of acceptance of responsibility is a moving and heartfelt testament to his appreciation of the consequences of his actions. The defendant is a warm and giving person who has been an important participant in the lives of his family, including the elderly and the young. His pain in not being able to assist those who need his help is palpable in his statement of acceptance of responsibility.

A second reason in support of a sentence at the low point of the guidelines is closely related to the first reason. The defendant is a meaningful and positive person in his family network.

Third, the defendant has already demonstrated that he will profitably use his time while incarcerated. The defendant has completed a number of programs since being incarcerated. Copies of his certificates will be submitted to the Court. He anticipates receiving an additional certificate on September 20, 2007 and counsel anticipates submitting them all in one group.

Fourth, the defendant believes that his criminal history, viewed in context, belies any need to impose a sentence above the low point of the guidelines. In this regard, the defense specifically draws the Court's attention to his response to the Presentence Investigation, including the two exhibits attached to the response.

Fifth, the defense submits that the quantity of crack involved in the transactions in the defendant's case is 10.27 grams. In considering an appropriate level of punishment, the low end of the guidelines is sufficient for sales totaling 10.27 grams of cocaine base. This is less than half an ounce of cocaine base. The guideline sentence in this case is driven by two factors, the defendant's criminal history and the fact that the controlled substance in the case was cocaine base. Were the controlled substance not cocaine base, but powder cocaine, the maximum sentence to which the defendant would be subject would be lower and the defendant's offense level as a career offender would accordingly be lower. United States v. Pho, 433 F.3d 53 (lst Cir. 2006) does not preclude a consideration of the "nature of the contraband and/or the severity of a projected guideline sentence." Id. at 65. The case does require these matters to be taken into account on a case-by-case basis. In this case, given the quantity of the drugs involved and the sentence the defendant is facing, considering the cocaine powder/crack disparity as one factor militating in favor of a guideline sentence at the low point of the guideline range is appropriate. Finally, in this regard, the defense would note that in this case, the crack cocaine/powder cocaine disparity is a disparity that is built into the guideline range. The "policy decisions" of Congress and/or the United Sentencing Commission address the setting of the guideline range, but the defense is aware of no policy that would preclude a Court from taking into account the crack cocaine/powder cocaine disparity in deciding an appropriate sentence within the guideline range. The "policy" decision is reflected in the establishment of the guideline range, not in the consideration of the sentence within the range that is to be imposed.

For all of these reasons and such other reasons, the defense asks this Court to sentence the defendant at the low point of the guideline range.

The defense also makes two other requests with respect to the sentencing. The defense asks that the Court recommend the defendant be placed in the Bureau of Prisons Residential Drug Abuse program. Second, the defendant requests the Court recommend a placement as near to Rhode Island as possible.

RONALD HILL
By his Attorney,

/s/Robert B. Mann____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 20th day of September, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Sandra Beckner, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net