MANDATE

06-00134
USDC RI
Smith, W.

# United States Court of Appeals
## For the First Circuit

No. 07-2549

UNITED STATES,

Appellee,

v.

RONALD HILL,

Defendant, Appellant.

Before

Lynch, Chief Judge,
Torruella and Boudin, Chief Judges.

JUDGMENT

Entered: July 24, 2008

Appellant contends that enforcement of his waiver of appeal would result in a miscarriage of justice. We will assume in appellant's favor that a miscarriage of justice exception survives. See United States v. Borrero-Acevedo, 2008 WL 2687355 (1st Cir. July 10, 2008)(06-2655). The miscarriage of justice exception to otherwise valid waivers is to be applied sparingly. United States v. Cardona-Diaz, 524 F.3d 20, 23 (1st Cir. 2008). This is not an appropriate case for its application. The record supports neither appellant's claim that his right to allocution was infringed nor his claim that the sentencing hearing was not "meaningful." On the contrary, the district judge prompted appellant to speak further after his allocation and spent an unusual amount of time considering the proper sentencing procedure, with the input of both parties. Prior to the sentencing hearing, the possible changes in applicable law due to pending cases, guideline changes, and congressional bills, as well as the effect of appellant's waiver of appeal on his ability to benefit from any favorable changes, were fully discussed. The district judge noted that if he concluded that sentencing under the then current law led to a result which he did not regard as satisfactory, he would state so on the record.

At the sentencing hearing itself, the court noted with regret that, by his persistent recidivism, resulting in a criminal history category of VI, appellant had built up to the sentence imposed. That sentence was 188 months of imprisonment -- the low end of the applicable advisory sentencing guideline range -- which was in line with the joint recommendation of the parties and which the court determined met the criteria of 18 U.S.C. § 3553(a). As we noted in Cardona-Diaz, when parties agree to recommend a sentence they understand that the district court is likely to accept it. 524 F.3d at 24.

We see nothing in the record to indicate that enforcing the waiver of appeal -- entered into in exchange for, among other things, the government's promise not to file a sentencing enhancement information under 21 U.S.C. § 851 -- would result in a miscarriage of justice.

The judgment is affirmed.

By the Court:

/s/ Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 8-27-08

cc:
Sandra Beckner
Robert Herrick
Donald Lockhart