UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
     v.                        )    CR No. 06-134-S
                               )
RONALD HILL.                   )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Ronald Hill has filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C § 3582(c)(2). For the reasons that follow, the motion is denied.

I.  BACKGROUND

Hill pled guilty, pursuant to a plea agreement, to two counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)-(C). On September 28, 2007, this Court found that Hill was a career offender and sentenced him to 188 months imprisonment. The First Circuit affirmed. United States v. Ronald Hill, No. 07-2549, slip op. (1st Cir. July 24, 2008).

Hill then filed the instant motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) on the basis of (1) then-pending legislation to reduce crack cocaine penalties and (2)

1

the U.S. Sentencing Commission's (Commission) modification of the crack cocaine guidelines.[1]

II. DISCUSSION

While the instant motion was pending, Congress enacted the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372. The Act reduced the penalties for crack cocaine offenses, so that the disparity in sentencing between offenses involving crack and powder cocaine decreased from 100:1 to approximately 18:1. See United States v. Douglas, 644 F.3d 39, 40-41 (1st Cir. 2011). This moots his first claim as initially stated.[2]

However, the passage of the FSA does not assist Hill here. Although the First Circuit has not addressed the issue, every Circuit that has done so has found that the FSA was "not made retroactive" to sentences imposed before its passage, because that Act "contains no express statement that it is retroactive and no such express intent can be inferred from its plain language." United States v. Williams, 413 F. App'x 928, 930 (8th Cir. 2011) (collecting cases). As Hill was sentenced

---

[1] Hill alternatively asks that the motion be held in abeyance pending the passage of the legislation.

[2] This claim, based on pending legislation, could not have succeeded in any event, as this Court has no jurisdiction to modify a sentence based on pending legislation. See United States v. Robertson, Nos. Civ-10-76-C, CR-07-56-C, 2010 WL 2082233, at *1 (W.D. Okla. May 21, 2010) (rejecting request to reduce sentence on basis of pending legislation to modify penalties for crack cocaine).

2

before the FSA became effective, he cannot benefit directly from its provisions.

In response to the FSA, the Commission promulgated both an emergency amendment to the guidelines governing crack cocaine offenses, effective on November 1, 2010, see U.S. Sentencing Guidelines Amendment 746, and a proposed permanent guideline amendment, scheduled to take effect on November 1, 2011, see U.S. Sentencing Comm'n Notice of Final Action Regarding Amendment to Policy Statement § 1B1.10, 76 Fed. Reg. 41332 (July 13, 2011). To the extent that Hill's claim for relief is based on the emergency amendment,[3] that amendment is of no assistance to him, as it has not been deemed to be retroactive. See United States v. Ruiz-Gonzalez, 427 F. App'x 22, 27 (1st Cir. 2011) (court refused to give retroactive effect to emergency guideline promulgated pursuant to the FSA, in connection with a sentence imposed in 2009). It follows that those emergency guidelines would not apply to Hill's sentence, imposed in 2007.

As to the proposed permanent guideline amendment to implement the FSA, this Court is aware that the Sentencing Commission recently determined to give retroactive effect to that amendment, unless Congress intervenes, when it takes effect

---

[3] To the extent Hill's claim might be read (as the Government reads) to be based on the 2007 modifications in the crack cocaine sentencing guidelines, see U.S. Sentencing Guidelines Amendments 706, 711 and 713, the 2007 crack guideline amendments would not benefit him in any event, in view of Hill's career offender status.

on November 1, 2011.  See id.  Even if that amendment were to apply to Hill, however, his current motion is premature.  Id. (finding an identical request for resentencing under the same proposed guideline to be premature).[4]

Accordingly, Hill's motion is premature at this time and must be denied.[5]

III. CONCLUSION

In view of the foregoing considerations, the instant motion for sentence reduction is hereby DENIED without prejudice to filing a motion for sentence reduction when the permanent guideline amendment takes effect.  This Court takes no position on the merits of any such motion so filed.

---

[4] It is doubtful whether Hill could obtain relief even under the retroactive permanent guideline amendment, as he was sentenced as a career offender pursuant to the career offender guideline, U.S. Sentencing Guidelines § 2D1.1, rather than the crack cocaine guidelines, U.S. Sentencing Guidelines § 4B1.1. The permanent amendment affects only § 4B1.1 and not § 2D1.1. See United States v. Caraballo, 552 F.3d 6, 11 (1st Cir. 2008) (2007 guideline amendments lowering guideline ranges for crack cocaine offenses did not apply to defendant who was sentenced as a career offender).  However, this Court need not address that question for purposes of ruling on the instant motion to reduce sentence.

[5] Hill's reliance on Teague v. Lane, 489 U.S. 288 (1989) and O'Dell v. Netherland, 521 U.S. 151 (1997), is misplaced.  Both decisions reiterate the principle that only changes in criminal law that either are substantive (i.e., directly affecting what conduct is deemed criminal) or constitute watershed rules of criminal procedure implicating fundamental fairness may be retroactive to criminal cases that were final at the time such changes were rendered.  See Teague, 489 U.S. at 310-11; O'Dell, 521 U.S. at 156-57.  Neither circumstance applies to the sentencing amendments discussed herein.

Hill's alternative request that his motion be held in abeyance until the permanent guideline amendment takes effect is likewise DENIED as moot.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  October 31, 2011